[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 06-12830 & 07-13828

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 4, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-20725-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR QUINTERO,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(February 4, 2008)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant Cesar Quintero, convicted of attempted possession of five kilograms or more of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and sentenced to 240 months' imprisonment and the forfeiture of $37,000, raises four issues on appeal: first, he argues the district court erred in instructing the jury on both the mens rea and public authority theories of defense; second, he contends the district court abused its discretion when it gave the jury an Allen charge[1]; third, he suggests the district court erred when it overruled his objection to a statement made by the prosecution in closing argument concerning a lifetime of illegal conduct; and, fourth, he says the district court imposed an unreasonable sentence. We can find no merit in any of those challenges and, accordingly, affirm the conviction and sentence.

First, the district court did not err when it instructed the jury on both the mens rea and public authority theories of defense, because Quintero himself requested that both instructions be given to the jury and both instructions were fairly supported by the evidence. See U.S. v. Middleton, 690 F.2d 820, 826 (11th Cir. 1982) ("So long as there is some evidence relevant to the issue or the defense asserted, a trial court must instruct a jury regarding this issue and cannot determine the existence of such a defense as a matter of law."). The district court was not

---

[1] Allen v. U.S., 164 U.S. 492 (1896).

obliged to grant a mistrial on this basis.

Second, the district court did not abuse its considerable discretion when it gave a modified Allen charge to the jury after the jury said that it had reached an "impasse" in a clarification note sent to the court following only three hours of deliberation. There is nothing in this record to support Quintero's claim that the jury did anything other than carefully consider the evidence during its additional deliberations. Furthermore, the Government did not, as Quintero contends, eviscerate his defense purportedly by arguing that Quintero admitted to the distribution element of the offense or that his intent to actually distribute cocaine was irrelevant. Instead, the Government argued only that Quintero did not participate in the sale of cocaine at the direction or under the authorization of government agents, did not reasonably believe he was performing an otherwise-criminal act in cooperation with the government agents, and had intended to commit the charged offense for his own gain and on his own initiative. Again, the district court was not obliged to grant a mistrial.

Third, the district court committed no error when it denied Quintero's motion for a mistrial because of the prosecutor's statement in closing argument that "after thirty years of lawless behavior in the United States" Quintero should be found guilty. That statement was supported by evidence Quintero himself

introduced that he first entered the United States <u>illegally</u> in 1977, had been deported, had returned again illegally and without authorization, was trying to correct his immigration status because he was in the United States illegally and did not want to be deported, and had experience as a drug dealer. However, the district court's instructions made it abundantly clear that Quintero could not be convicted for any conduct other than that charged in the indictment. Because the evidence against Quintero was very strong, the offending comment was very brief, and any confusion as to the prosecutor's meaning was promptly corrected by the court, it cannot reasonably be concluded that the jury was influenced by the prosecutor's very brief comment during closing argument. <u>See</u> <u>U.S.</u> v. <u>Calderon</u>, 127 F.3d 1314, 1335 (11th Cir. 1997) (holding that prosecutorial misconduct is a basis for reversal "only if, in the context of the entire trial in light of any curative instruction, the misconduct may have prejudiced the substantial rights of the accused") (internal quotation marks omitted). Again, the district court was not obliged to grant Quintero a mistrial.

Finally, we can discern no clear error of judgment when, in sentencing, the district court imposed a two-level enhancement on Quintero's sentence for obstruction of justice pursuant to U.S.S.G. § 3C1.1, or because it imposed a sentence above the Sentencing Guidelines range. The district court

unambiguously found that Quintero had illegally entered the country after deportation, had participated in a cocaine deal about which he had lied to the jury, and had refused to accept responsibility for his illegal conduct. There was no abuse of discretion here. Kimbrough v. U.S., 128 S. Ct. 558, 576 (2007).

Accordingly, we affirm.

**AFFIRMED.**